United States v. Raul Vivas-Ceja Joe Bugnier, Raul Vivas-Ceja Joe Bugnier, Raul Vivas-Ceja Joe Bugnier, Raul Vivas-Ceja Joe Bugnier, Raul Vivas-Ceja Joe Bugnier, Raul Vivas-Ceja Joe Bugnier, Raul Vivas-Ceja   You know, 16b and the residual clause that Johnson dealt with, their language is not identical. They're similar, but not identical. But isn't 16b a little less vague and narrow in scope than the ACCA? I don't believe so. You're correct in that the language isn't identical, but for the last seven years, the result's been identical. They've been treated interchangeably since Begay. But actually, 16b is worse because the abstraction, you don't have anything that it can be tied to. Justice Scalia's dissent in James was brilliant in that he lays out, all right, well, we're going to look at arson and explosives. Those are outliers. Then we're going to look at burglary and extortion. And what kind of level of risk does each have? And that'll be the level that we're going to tolerate. Here, we don't have that. We don't have any benchmark. So I'd say that 16b is actually worse than the ACCA residual clause. You don't have any benchmark that a court could extrapolate from. And it's actually the abstraction that you have a substantial risk. And then the second abstraction is may be used in the course of committing it. A force may be used against a person or property of another. That may be used. How far does that have to be? In Johnson, they said, they had teed up the question whether a sawed-off shotgun was enough. How residual, how far down the line does the risk have to be? This court had answered that in the negative. They said, look, we're not going to go that far in Miller. But that may be cause. Well, how far do we go? Two months, two days, two hours from the crime? Where do we draw the line? Well, 16b doesn't have the complicating feature of an antecedent list of disparate crimes that precede the residual clause language. And that seemed to be influential, at least in part, on Johnson. I think it's not that that's the key holding. The key holding is that the ordinary case, it's that the Solicitor General, at least I think what they're rejecting there is Justice Alito and the Solicitor General's suggestion that, look, these four enumerated crimes save it. No, they don't save it. They probably complicate it more. But that's not at the heart of it. The heart of it is the ordinary case. It's that abstraction. Looking at a statute and trying to determine what is a substantial risk and what isn't. So I don't think that the lack of the enumerated offenses within 16b saves it. I actually really do think that it actually makes it worse. Because had the Supreme Court gone with Justice Scalia's dissent in James, then you would have had a standard. But that standard would have been embedded within the enumerated offenses. But 16b doesn't even give you that. That you could then craft a standard that you'd be like, well, it may be used. It seems like it's at this level. You know, where I think Justice Scalia looked at the model penal code for burglary and extortion and extrapolated that kind of risk. Here, you don't have anything to go by that. It would be pure guesswork. And that indeterminate guesswork is exactly why it has to suffer the same fate as the residual clause. This court can't look at these abstractions and try to fashion out something else out of whole cloth. That's what Johnson stands for. Do you think Tishner has any play in this at all? No, because it affects the statutory maximum. Tishner would be a guideline issue. And I know that we'll be talking about that at length in about 20 minutes. But this would not affect Mr. Vivas-Cejas' rights in this regard. And I don't believe that it would actually limit this in any regard. I think the other points that I'd like to just quickly address are actually the government's points. In some ways, the government says, look, even if you disagree and you somehow save this 16b, let's go back and let's resurrect everything that Johnson struck down. And let's look at these statistics. And let's look at these statistics of what's in Wisconsin and fleeing and eluding. And that's precisely what the court said don't do. Johnson couldn't have been more, couldn't have been clearer in how much it disdained the statistical analysis in sites. Yet that's precisely what the government wants this court to do. And that's what this court would have to do if you have to go to the ordinary case. You can't go to any standard. And that's the whole cyclical problem with this. That, well, all right, we're going to go back to it, but where do we find a standard? Because there is no standard in the ordinary case. It's just pure guesswork. So unless there are any other questions, I'll leave my time for rebuttal.  Mr. Juras. Thank you. It pleased the court. If this court adopts the defendant's invitation here to invalidate a valid act of Congress based on Johnson, they'd have to do so based on the fact that Johnson didn't have 16B in front of it, that Johnson specifically stated that it was not calling into constitutional doubt those types of statutes that deal with qualitative standards of risk such as substantial risk as 16B. Only fact-based statutes, though, that key the analysis to the specific facts of the case as opposed to the categorical approach or the ordinary case approaches. Right, but it didn't do away with the ordinary or categorical approach. It only did away with it to the extent that there was the uncertainty that existed when it was analyzing. Well, right, but under 16B, the categorical approach or ordinary case approach is explicit in the statute because it refers to crimes that, by their nature, involve a substantial risk that physical force will be used. Right, and that... So it demands an ordinary case approach. So that takes it outside of the language in Johnson that refers to statutes that key a broad standard to the individual facts of the case. Well, I would agree with that. So then you lose. Well, no, because I think that when we're talking about the categorical approach with 16B, we're talking about tying it to the statute. When it uses the language of nature, course of proceeding, or use of force, all tied in with the standard evidence by Leocal instructing us to look at whether or not  The nature of this crime, not the nature of this case. The nature of this crime, excuse me. The nature of this crime involves a disregard that substantial risk that force will be used against a person or property. Right, and that's precisely the indeterminacy problem that Johnson found fatal to the ACCA residual clause. Is that it involved an imaginary, idealized, ordinary crime where the nature of the risk and the quantification of the risk were subject to ad hoc judicial determinations? But that was totally divorced from the elements of the offense. Right, and here it is as well. This is not an elements approach. Your Honor, the government disagrees. The government believes that 16B, by that language, and by Leocal's instruction, tells us to go back to the elements of the offense. And there's nothing wrong with an ordinary case or categorical approach when we're dealing with the elements of the offense. But the statute doesn't say that. Well, the statute, by that language, directs us to that, to the only conclusion that can be, and that is that we're going to look at the elements of the offense. In 16B, we're not directed towards potential injury, which under the ACC almost automatically tells you go away from the elements of the offense. And that's the difficulty that Mr. Bugney pointed out. In other words, if we're going to say, hey, it's just potential risk, who cares about the elements? Let's just abstract and talk about all the wonderful or odd things that could or couldn't happen in a situation. 16B directs us directly to the elements of the offense, telling us look at the elements of the offense and determine whether there's a substantial risk that force may be used. And that uncertainty, and that's the uncertainty of estimating the type of risk, that just simply does not exist with 16B. 16B also doesn't have the other problem, which is how do you quantify that risk? In the ACCA, the problem was how to quantify that risk dealt with the enumerated offenses that were existent here in the ACCA. In 16B, there are no enumerated offenses to confuse us or do anything else. All you have to do is say to yourself they're talking about substantial risk, and what does that mean? We know through Bays and Reyes that that means you look at the intent level of the predicate crime. So without those particular items, I think that it fails. But more important, the defendant's argument fails because, as Johnson said, it just wasn't one item that we found intolerable. It wasn't just one item in isolation. It was a combination of factors that in this particular case made it intolerable. And those included the list of enumerated cases, which isn't available in 16B, and therefore requires an analysis that... Well, the court said that the list of disparate offenses preceding the residual clause only amplified the vagueness. The holding didn't rest on that. It was one of the factors, and the other factor dealt with the fact that it was an after-the-fact conduct analysis, so that 16B was much narrower, analyzing the risks at the time of the offense or in the offense by the elements as opposed to after the fact. 16B is just simply not limited to analysis of the elements of the offense, and there's no case that says that. Well, there's no case that says that. Leocall and the text of 16B tells us that it's limited to those factors. No, it doesn't. It tells us that it adopts an ordinary case analysis or directs the courts to an ordinary case or what we call a categorical approach, examining the nature of the crime, not the elements of the offense. No, the nature of the offense, and in the course of committing... In the ordinary case, not how it was committed in this particular case. It's not a fact-based analysis. That's very clear. If this court were to invalidate this statute, it would be contrary to the presumption of validity of this statute, and asking the court or asking... So is Johnson. Absolutely. But in this particular case, the Supreme Court hasn't repeatedly failed to come up with a valid standard. There's only really one 16B case. That's not... That has no effect here. It's nearly identical language, and it's been interpreted in tandem with the residual clause of the ACCA. So to draw these fine distinctions that you're suggesting, it's Jesuitical. Your Honor, there's a strong presumptive validity that the acts of Congress are valid, and that Johnson not dealing with 16B certainly didn't have it before, and the government believes it didn't throw it into doubt. Quite to the contrary, there are several factors not present here and not present in 16B that render it not vague, because 16B doesn't contain many of the key features and instead prescribes a standard that requires fair notice and prevents arbitrary enforcement. And what would that standard be? The standard is the ordinary case on the elements of the offense. There's nothing that limits it to the elements. And in fact, that's not the approach that any court has taken. If the court has no other questions, I'm done. Thank you. Thank you. This Court's going to have a long discussion of Johnson throughout the day, so unless there are any questions for me, I'll waive my rebuttal. Thank you very much. Thanks to both counsels. Stick around and see what happens.